UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LISA BAKER,
        Plaintiff,

v.

DAVID G. GALLO, ESQ. (personally and
professionally), BERT T. BOWLER, CFP
(personally and professionally), and
ESTATE OF KARL PIRNAT,
        Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

23 CV 2078 (VB)

Briccetti, J.:

    Plaintiff Lisa Baker, proceeding pro se, brings this action against defendants David G. Gallo, Esq., Bert T. Bowler, CFP, and the Estate of Karl Pirnat[1] arising from various disputes concerning the death of plaintiff's friend, Karl Pirnat. Plaintiff purportedly brings federal claims inclusive of conspiracy under 42 U.S.C. § 1985 and breach of fiduciary duties under 29 U.S.C. §§ 501, 1104, as well as state law claims for intentional infliction of emotional distress, and violations of New York's Peter Falk's Law and Tennessee's Campbell Falk Act.

    Now pending is defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #6).

    For the reasons set forth below, the motion is GRANTED.

---

[1] Although defendants argue the Estate of Karl Pirnat is not a suable entity under New York law (Doc. #8 ¶¶ 4–5), this issue is ultimately immaterial because the Court concludes it lacks subject matter jurisdiction in this case.

1

## BACKGROUND

For the purpose of ruling on the motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff's friend of more than twenty-three years, Karl Pirnat (the "decedent"), died on February 2, 2023. Defendants Gallo, an attorney, and Bowler, a certified financial planner, represented the decedent in the later stages of his life.

In November 2021, it became apparent the decedent was suffering from neurological issues. He suffered a fall in February 2022, and, as a result, he was admitted to Bristal Assisted Living in Armonk, New York, in March 2022. Plaintiff alleges the decedent told her "he had signed over his rights to David Gallo, Esq. and that he had great misgivings about it." (Doc. #1 ("Compl.") ¶ 7). Plaintiff further alleges defendants communicated with Bristal Assisted Living to deny her access to the decedent while he was located there.

Plaintiff also reports she visited the decedent almost daily from December 2022 to January 2023. During these visits, plaintiff alleges the decedent told her "he was leaving her something." (Compl. ¶ 10). More specifically, plaintiff asserts "[t]he deceased was very clear to this plaintiff that he was leaving her something, she believes his Greenwich townhouse at 33 Talbot Lane, Unit 15, Greenwich, CT 06830." (Id. ¶ 2).

Plaintiff further alleges the decedent told her "David [Gallo] is not doing what I ask him to do." (Compl. ¶ 10). Plaintiff asserts Gallo was the decedent's conservator or a de facto conservator. According to plaintiff, the decedent's finances, amounting to approximately $3 million, "were all being adequately cared for" by defendant Bowler. (Id. ¶ 5).

Plaintiff alleges when she asked Gallo "about the [decedent's] end of life service, [Gallo] lied and stated there would not be one." (Compl. ¶ 1). According to plaintiff, there was a graveside service on February 27, 2023, which she was only made aware of through the Internet the day after it took place. Plaintiff asserts defendants have refused to provide her a copy of the decedent's will.

Plaintiff demands not less than $150,000 in compensatory and punitive damages.

## DISCUSSION

I. Standard of Review

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).[2] The Court must dismiss an action sua sponte if it determines it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); accord Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) ("[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.").

In deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order). To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

The Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." Clarkes v. Law Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).[3]

II. Federal Question Jurisdiction

Defendants argue the Court lacks federal question jurisdiction over plaintiff's claims because, in substance, her claims do not raise any cognizable federal question.

The Court agrees.

A.  Legal Standard

Federal courts possess original jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. An action "arises under federal law . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006).

Even if a plaintiff invokes federal-question jurisdiction, if that jurisdiction is premised on an "immaterial" or "wholly insubstantial" federal claim or a federal claim "made solely for the

---

[3] Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

purpose of obtaining jurisdiction,"[4] the case may be dismissed. Spencer v. Casavilla, 903 F.2d 171, 173 (2d Cir. 1990); see, e.g., Rosquist v. St. Marks Realty Assoc., LLC, 2008 WL 413784, at *2 (E.D.N.Y. Feb. 13, 2008) (sua sponte dismissing complaint for lack of subject matter jurisdiction when plaintiff invoked federal statutes but did not allege any cognizable claims pursuant to those statutes).

B.   Analysis

Plaintiff twice invokes 42 U.S.C. § 1985 for "Conspiracy to interfere with civil rights" and invokes 29 U.S.C. §§ 501(b) and 1104 for "Violation of Fiduciary Responsibility." (Compl. ¶¶ 18, 19, 21). However, plaintiff fails to allege a cognizable claim under any of the cited federal statutes.

1.   Conspiracy Claims

To state a conspiracy claim under Section 1985, plaintiff must allege: "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen." Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007), rev'd on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff must also allege the conspiracy was motivated by some

---

[4]   In fact, in her opposition, plaintiff appears to concede she invokes federal claims specifically to manufacture subject matter jurisdiction. (See Doc. #14 ¶ 1 ("This plaintiff knows that for this case to move forward in federal court it needs to have at least one federal cause of action. . . . This plaintiff is anxious to not be in the cattle call dysfunctionality of the Superior Court in White Plains."); id. ¶ 6 ("This plaintiff would like federal ruling against Mr. Gallo.")). However, considerate of plaintiff's pro se status and construing her statements in a light most favorable to her, the Court reasonably infers these statements describe plaintiff's good faith basis for bringing suit in this Court and examines each of her purported federal claims for whether they provide a federal jurisdictional basis.

racial or other class-based discriminatory animus. See Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994).

"A conspiracy need not be shown by proof of an explicit agreement but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). However, plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).

Here, plaintiff's purported Section 1985 claims fail because the complaint lacks any factual allegations suggesting that she is asserting a conspiracy claim. In support of her claims, plaintiff suggests defendants have not informed her of her rights as a beneficiary of the will and alleges defendants had an "ulterior motive" (Doc. #14 ¶ 6) by placing the decedent in the rehabilitation facility while "giving her wrong information purposefully and denying her knowledge of [the decedent's] whereabouts." (Compl. ¶ 8). But plaintiff has not pleaded any facts tending to show an "express or tacit" agreement, or a concerted action to deprive plaintiff of her constitutional rights, or any racial or class-based animus, such that it is impossible to construe her complaint, even drawing all reasonable inferences in her favor, to assert a Section 1985 claim. See Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009).

Accordingly, plaintiff's purported Section 1985 conspiracy claims do not raise any cognizable federal question.

        2.      Breach of Fiduciary Duty Claim

Plaintiff invokes Section 501(c) of the Labor-Management Reporting and Disclosure Act ("LMRDA"), entitled "Fiduciary responsibility of officers of labor organizations," which

6

penalizes "[a]ny person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer." 29 U.S.C. § 501(c).

Plaintiff cannot assert a Section 501 claim because the statute confers standing only on members of labor organizations to bring a civil action against officers of those organizations "for the benefit of the organization." See Martinez v. Barasch, 2004 WL 1555191, at *3 (S.D.N.Y. July 12, 2004); 29 U.S.C. § 501(b). Plaintiff does not allege she was a member of a labor organization or that defendants were officers of such an organization, which would allow her to pursue a claim under Section 501(b). Moreover, the particular subsection to which plaintiff refers—Section 501(c)—is a criminal statute, a violation of which she lacks authority to prosecute. See United States v. Lore, 430 F.3d 190, 200 (3d Cir. 2005).

Accordingly, plaintiff's purported LMRDA claim is wholly unsubstantial and does not raise any cognizable federal question.

Section 1104 of the Employee Retirement Income Security Act ("ERISA") provides "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1). ERISA authorizes "a participant or beneficiary" of a benefit plan subject to ERISA to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1).

"The only [private] parties that have standing to commence a lawsuit pursuant to ERISA are plan participants and beneficiaries." T & M Meat Fair, Inc. v. United Food & Com.

Workers, Loc. 174, AFL-CIO, 210 F. Supp. 2d 443, 448 (S.D.N.Y. 2002). Plaintiff does not plead any facts to suggest that she falls into any of these categories.

Accordingly, plaintiff's purported ERISA claim is also wholly unsubstantial and does not raise any cognizable federal question.

III. Diversity Jurisdiction

Defendants argue the Court lacks diversity jurisdiction over plaintiff's claims because the parties' citizenship is not completely diverse.

The Court agrees.

A. Legal Standard

Federal courts possess original jurisdiction over civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and "the suit is between 'citizens of different States.'" St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) (quoting 28 U.S.C. § 1332(a)(1)). "[T]here must be complete diversity," and "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d at 80. "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., v. SCS Comm'ns., Inc., 251 F.3d 315, 322–23 (2d Cir. 2001).

An individual's citizenship for the purpose of diversity jurisdiction "depends on his domicile." Linardos v. Fortuna, 157 F.3d at 948. An individual's domicile is "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id.

B.    Analysis

Here, plaintiff has not alleged complete diversity of citizenship.  According to plaintiff's submissions, she appears to be a resident and citizen of Connecticut.  (See Compl. at ECF 8 (listing Connecticut P.O. box)).[5]  Plaintiff alleges Gallo lives in New York.  (Id. ¶ 2).  But she does not contest defendants' assertion that complete diversity of citizenship is lacking.  Indeed, despite plaintiff's burden to establish complete diversity, she fails to make any allegations with respect to Bowler's citizenship.  On the other hand, the summons and complaint were served on Bowler in Ridgefield, Connecticut (Doc. #4), and he avers that he owns and manages a business known as RoundRock Advisors in Wilton, Connecticut (Doc. #8 ¶ 2).  Thus, even liberally construing the complaint, plaintiff has not established complete diversity of the parties.  See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (noting a court "cannot invent factual allegations that [plaintiff] has not pled").

Accordingly, the Court lacks diversity jurisdiction over plaintiff's claims.

IV.    Leave to Amend

In her opposition, plaintiff requests leave to amend her complaint to address any jurisdictional deficiencies identified by the Court.  Specifically, plaintiff requests to amend the complaint to add a cause of action for violation of 42 C.F.R. § 482.13, titled "Condition of participation:  Patient's rights."  (Doc. #14 ¶ 8).

The Court concludes repleading would be futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts "should freely give leave" to amend a complaint "when justice so requires."  The liberal application of Rule 15(a) is

---

[5]    "ECF__" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

especially warranted with respect to a pro se litigant who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). Nevertheless, if the claim a party seeks to add lacks merit, the application for leave to amend should be denied as futile. Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order) (affirming denial of leave to amend to pro se plaintiff on futility grounds and noting that "[a] proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)").

Here, repleading would be futile because better pleading will not cure the jurisdictional defects in the complaint.

Plaintiff's reliance on 42 C.F.R. § 482.13 to cure the jurisdictional defects in the complaint is misplaced. This citation refers to a set of regulations mandating that hospitals "protect and promote each patient's rights." 42 C.F.R. § 482.13. Defendants are not "hospital staff [nor] practitioners" and none of the facts suggest that plaintiff is the decedent's "representative." 42 C.F.R. § 482.13(b)(3). Plaintiff also briefly references a potential amendment regarding 42 U.S.C. § 1983 (Doc. #14 ¶ 9), but fails to articulate a violation of a constitutional right or that her rights were violated by a state actor or private party acting under the color of state law that she would amend the complaint to include. See West v. Atkins, 487 U.S. 42, 48–49 (1988). Even when viewed in the light most favorable to plaintiff, her assertions do not suggest that she has a valid claim that she has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, any amendment would be futile and plaintiff's request for leave to amend the complaint is denied.

## CONCLUSION

The motion to dismiss is GRANTED.

Plaintiff's request for leave to amend the complaint is DENIED.

The dismissal is without prejudice to refiling in state court. Katz v. Donna Karan Co., 872 F.3d 114, 121 (2d Cir. 2017).

The Clerk is instructed to terminate the motion (Doc. #6) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated:  January 22, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge